| | |
|---|---|
| Terrell McCoy, #256070, | ) CIVIL ACTION NO. 9:12-0474-RMG-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Warden David Michael McCall, Lieutenant | ) |
| Madden, Nurse Allison Young, Sergeant | ) |
| Lindsay, Lieutenant Robertson, Miriam Snyder, | ) |
| Ms. Davis and Lieutenant Daniel Harouff, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

In conjunction with the filing of his Complaint, Plaintiff filed a motion for "Emergency Injunction Relief" pursuant to Rule 65(a), Fed.R.Civ.P. Rule 65(a) provides that a preliminary injunction may be issued with respect to an issue or claim after notice to the adverse party. However, a preliminary injunction is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), cert. granted, judgment vacated on



other grounds by, <u>Real Truth About Obama, Inc. v. Federal Election Com'n</u>, 130 S.Ct. 2371 (2010); <u>see</u> <u>Winter v. Natural Resources Defense Counsel, Inc.,</u>, 555 U.S. 7, 19-20 (2008); <u>Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. <u>Winter</u>, 555 U.S. at 20. All four requirements must be satisfied. <u>The Real Truth About Obama, Inc.</u>, 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief." <u>The Real Truth About Obama, Inc.</u>, 575 F.3d at 346, (citing <u>Winter</u>, 555 U.S. at 19-22).

In this lawsuit, Plaintiff challenges the confiscation of "legal material" which was allegedly secured in a green duffel bag. Plaintiff had apparently been placed in crisis intervention in response to having told Detention Center officers that he was suicidal. However, when he was taken off of crisis intervention and moved to the prison's Special Management Unit (SMU), he requested the return of his legal material, but it was not returned. Plaintiff alleges that he has an appeal pending in a state court case, for which he needs this material. In his motion for emergency injunctive relief, Plaintiff requests that the Court issue an order for the return of his legal material because he "only [has] a few days to file a notice of appeal."

Defendants oppose Plaintiff's motion, arguing that Plaintiff has not only failed to satisfy the four factors necessary for issuance of a preliminary injunction, but also that Plaintiff has



now been provided his legal materials.  As part of their response, the Defendants have submitted as an exhibit a copy of the Notice of Appeal filed by the Plaintiff in his state case.  Plaintiff advises the state court in that notice of appeal that he has to wait approximately thirty days to receive his legal material from property control now that he has been placed in the SMU.  Plaintiff's filing is dated January 30, 2012, and Plaintiff has not disputed by way of a reply brief or otherwise the Defendants' representation in their response that Plaintiff has now received his requested legal material.

Based on the foregoing, the undersigned finds that Plaintiff has failed to show a sufficient likelihood that he will succeed on the merits of this claim to entitle him to the extraordinary remedy of the granting of a preliminary injunction, nor has he met the standard of showing a likelihood of irreparable harm or that the issuance of such an injunction would be in the public interest at this time.  The Real Truth About Obama, Inc., 575 F.3d at 346-347; cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994)[Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, * 3-4 (D.S.C. 2008); Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].  Further, since the injunctive relief Plaintiff seeks in his motion is also the only relief Plaintiff seeks in his case in chief, and as Plaintiff's claim and request for relief appear to now be moot, it is further recommended that this case be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 30, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

