IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Terrell McCoy,                          )
                                        )     Civil Action No.: 9:12-00474-RMG
            Plaintiff,                  )
                                        )     **ORDER**
      v.                                )
                                        )
Warden David Michael McCall, *et al*,   )
                                        )
            Defendants.                 )
_____)

This matter comes before the Court on Plaintiff's *pro se* motion for emergency injunctive relief pursuant to FED. R. CIV. P. 65. (Dkt. No. 1). Plaintiff filed this civil rights action pursuant to 28 U.S.C. § 1983 alleging violations of his constitutional rights. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and the Local Rules. Plaintiff alleges that his legal materials were taken from him while he was placed on crisis intervention due to his mental illness. (Dkt. No. 1). When Plaintiff was removed from crisis intervention, Plaintiff claims that prison officials delayed in returning his legal materials, which he needed in order to file his pending notice of appeal with the state court. *Id.* Defendants have filed a response to Plaintiff's motion for preliminary injunctive relief and Plaintiff has filed a reply. (Dkt. Nos. 20 and 26).

The Magistrate Judge issued a Report and Recommendation recommending that the Court deny Plaintiff's motion for preliminary injunction and further that the Court dismiss his case, as all of Plaintiff's requested relief appears to be moot. (Dkt. No. 22). For the reasons discussed herein, the Court denies Plaintiff's request for a preliminary injunction, as his motion now appears to be moot. However, the Court notes that Plaintiff has stated a number of

additional claims in filings after his initial motion and thus his complaint should not be dismissed at this time.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff has filed objections to the Report and Recommendation (Dkt. No. 30) and Defendants have filed a reply.

A plaintiff seeking a preliminary injunction must establish: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that the injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth about Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342, 346-47 (4th Cir. 2009). Injunctive relief is viewed "as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Real Truth About Obama, Inc.*, 575 F.3d at 346.

On February 21, 2012, Plaintiff filed his motion for emergency injunctive relief, alleging that he was placed on crisis intervention because he told officers he felt like committing suicide and his legal material was taken from him at that time. (Dkt. No. 1). Plaintiff alleges that after

he was taken off of crisis intervention and held on SMU, he requested the return of his legal materials in order to be able to timely file his notice of appeal in state court and the materials were being held from him. *Id.*

On March 15, 2012, Plaintiff filed what he termed his "Verified Complaint" within which he alleges a number of additional claims including, *inter alia*, the use of excessive force, inadequate medical care, improperly withholding legal mail, denial of access to the courts, denial of due process and cruel and unusual punishment. (Dkt. No. 8). In addition to the injunctive relief previously requested, Plaintiff asked for compensatory, nominal, and punitive damages, as well as injunctive relief as to the return of photos allegedly deprived from him by the prison mail room. (Dkt. No. 8 at 7-8).

In Defendants' response to Plaintiff's motion for injunctive relief, Defendants argue that Plaintiff's motion is moot as Plaintiff has now received his legal materials. (Dkt. No. 20 at 1-2). Moreover, Defendants assert that Plaintiff has timely filed his notice of appeal in state court, attaching his notice of appeal dated January 30, 2012. (Dkt. No. 20-2). Plaintiff concedes that he has now received the legal material requested in his initial motion for injunctive relief. (Dkt. No. 26 at 2). Moreover, Plaintiff conceded in an affidavit that he filed in connection with his reply that he was able to file and is now pursing his state court appeal. (Dkt. No. 26-1 at 10-11).

In Plaintiff's objections to the Magistrate Judge's Report and Recommendation, Plaintiff argues that he has a number of claims in addition to the confiscation of legal material claim, which are reflected in his Amended Complaint, which he intended to be his initial complaint after he filed his motion for preliminary injunction. (Dkt. No. 30 at 2-3, 7-9). Plaintiff further argues that his reply to the motion for preliminary injunction proves that he missed the state

court deadline to file his appeal (Dkt. No. 30 at 5); however, his reply also readily concedes that he is now proceeding with his state court appeal. (Dkt. No. 26-1 at 10-11).

The Court finds that the relief requested in Plaintiff's motion for preliminary injunction is now moot. (Dkt. No. 1). Plaintiff concedes that he has received his legal materials and that he is now pursuing his state court appeal. Plaintiff is moreover unable to demonstrate the four requirements of a preliminary injunction – as he has not shown a likelihood of success on the merits of his claim nor has he shown a likelihood of irreparable harm. The Court recognizes, however, that Plaintiff states a number of additional claims and grounds for relief in his Amended Complaint. Therefore, the Court's Order should be construed as denying only that relief requested in Docket Entry No. 1.

For the reasons articulated above, it is hereby **ORDERED** that Plaintiff's motion for a preliminary injunction is **DENIED**. (Dkt. No. 1).

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United State District Court Judge

Charleston, South Carolina
June 20, 2012

4